Sepe v Barravecchio (2019 NY Slip Op 06815)





Sepe v Barravecchio


2019 NY Slip Op 06815


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2018-08274
 (Index No. 714285/16)

[*1]Dolcizia R. Sepe, respondent,
v
Robert Barravecchio, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Yadgarov & Associates, PLLC, New York, NY (Ronald S. Ramo of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, J.), dated June 7, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
On October 17, 2014, the plaintiff and the defendant were involved in a motor vehicle collision. The plaintiff commenced this action to recover damages for her injuries. In the bill of particulars, she alleged injuries to, inter alia, the cervical and lumbar regions of her spine.
The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). In support, he submitted the affirmed report of an orthopedic surgeon, who examined the plaintiff on August 10, 2017. The defendant's orthopedic surgeon measured the range of motion of the cervical and lumbar regions of the plaintiff's spine and compared his results to what would be considered normal range of motion. He found the results to be normal. The orthopedic surgeon further stated that he had reviewed reports regarding MRIs of the cervical and lumbar regions of the plaintiff's spine, although he failed to state that he had reviewed the MRI films themselves. He concluded that the plaintiff's injuries were caused by preexisting degeneration, and not by the accident.
In opposition, the plaintiff submitted the affirmed report of a physician, who stated that he examined the plaintiff on March 2, 2018. The plaintiff's physician measured the range of motion of the cervical and lumbar regions of the plaintiff's spine and compared his results to what would be considered normal range of motion. He found restrictions of up to 50% in both regions of the plaintiff's spine.
In an order dated June 7, 2018, the Supreme Court denied the defendant's motion, [*2]concluding that there were triable issues of fact as to whether the plaintiff sustained a serious injury. The defendant appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, however, the plaintiff submitted evidence raising a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine (see Perl v Meher, 18 NY3d 208, 218-219). Therefore, we agree with the Supreme Court's denial of the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d).
The defendant's remaining contentions are either without merit or not properly before this Court.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court